# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 20, 2021

Lyle W. Cayce
Clerk

No. 20-30562

Marshall Whitley,

*Plaintiff—Appellant*,

*versus*

James LeBlanc, *Secretary of the Louisiana Department of Public Safety and Corrections*; The Committee on Parole of the Louisiana Board of Pardons,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-738

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Marshall Whitley, Louisiana prisoner # 116400, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief could be

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

granted. *See* Fed. R. Civ. P. 12(b)(6). In his complaint, Whitley asserted that his due process rights were violated by an ex post facto application of "Act 624" in the denial of parole eligibility on the basis of his armed robbery conviction and that he had a liberty interest in consideration for "geriatric parole" under "Act 790," which was in effect at the time he committed his armed robbery offense. The district court determined that, under the law in effect when Whitley committed armed robbery, he was never eligible for geriatric parole consideration, the Louisiana parole statute did not create a constitutionally protected liberty interest in parole release, and he was not yet eligible for parole consideration.

By moving to appeal IFP, Whitley challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is limited to "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is apparent that it would be frivolous. *Baugh*, 117 F.3d at 202 n.24; *see* 5th Cir. R. 42.2.

When his pro se brief is construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Whitley claims that the Louisiana state legislature meant for Act 790 to apply "both prospectively and retroactively" to those convicted of armed robbery. However, he does not cite to any authorities or evidence of legislative intent, and he does not appear to identify any error in the district court's finding that he failed to state a claim upon which relief could be granted because the Louisiana parole statute did not create a constitutionally protected liberty interest in parole release. Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the

requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *see* Fed. R. App. P. 28(a)(8). We deem arguments inadequately briefed as abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Even so, Whitley is unable to demonstrate a nonfrivolous appellate issue. Whitley, as an armed robbery convict, did not state an ex post facto violation as he was not eligible for parole consideration based upon the law in effect at the time that he committed his crime in April 1997. *See* La. Rev. Stat. Ann. § 15:574.4(B) (1997); 1995 La. Acts No. 1099 §§ 1-3; *see also* La. Rev. Stat. Ann. § 14:64(B) (1997). Louisiana prisoners do not have a liberty interest in parole release that is protected by the Due Process Clause. *See Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Further, because he was not eligible for parole consideration under the applicable state law, Whitley cannot state a claim that he was deprived of a liberty interest in parole consideration.

Because Whitley fails to show that his appeal involves any nonfrivolous issue, his motion for leave to proceed IFP is DENIED, and this appeal is DISMISSED as frivolous. *See Howard*, 707 F.2d at 220; *Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.